IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

ERIE INSURANCE PROPERTY AND
CASUALTY COMPANY,

            Plaintiff,

v.                                CIVIL ACTION NO.  6:13-cv-20879

KENNETH L. ROCKHOLD, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Now before the court are Plaintiff's Motion for Default Judgment and Summary Judgment [Docket 10] and the Joint Motion to Enter Consent Judgment, Default Judgment, and Summary Judgment [Docket 14]. For the reasons set forth below, the motions are **GRANTED** with respect to the default judgment and **HELD IN ABEYANCE** with regard to the motion for summary judgment and motion for consent judgment pending a ruling on the issue of mootness. The remaining parties are **ORDERED to show cause** by Monday, May 12, 2014, at 5:00 p.m. E.D.T. why the claims between Erie Insurance Company and Shawna Wise, as mother and Administrator of the Estate of Mercedes Wise, should not be dismissed as moot. Finally, defendant William Michael Young is hereby **DISMISSED** from this case without prejudice.

    **I.  Background**

        **A.  Procedural History**

This is a declaratory judgment action regarding an insurance policy issued by the plaintiff, Erie Insurance Property and Casualty Company ("Erie") to two of the defendants, Kenneth L.

Rockhold and Linda L. Rockhold. The Rockholds own and operate a daycare business called Lynn's Little Wonders, another named defendant. Default was entered against the Rockholds and Lynn's Little Wonders on August 26, 2013. (*See* Order [Docket 7]; Clerk's Entry of Default [Docket 8]). On September 16, 2013, Erie moved for entry of default judgment and summary judgment. (*See* Mot. for Default J. and Summ. J. [Docket 10]).

On September 23, 2013, the plaintiff, Erie Insurance Property and Casualty Company, and two of the defendants, Shawna Wise and Mercedes Wise, filed a Proposed Consent Order declaring that they had agreed that the insurance policy did not cover the claims at issue in this case. (*See* Proposed Consent Order [Docket 12]).

### B. Factual History

This action arises out of the death of Mercedes Wise, the daughter of Defendant Shawna Wise. Mercedes Wise was found in a vehicle owned by the Rockholds outside of Lynn's Little Wonders daycare. (*See generally* Compl. [Docket 1] ¶ 2). Subsequently, a wrongful death complaint was filed against the Rockholds in their individual capacities and as owners and operators of Lynn's Little Wonders. (*See* State Court Compl. [Docket 1-1]). The state court complaint, filed by Shawna Wise, as Administrator of the Estate of Mercedes Wise, alleges that, on the morning of August 30, 2012, the Rockholds transported Mercedes Wise to Lynn's Little Wonders, but failed to remove her from the vehicle. (*See id.* at ¶¶ 20-27; Compl. [Docket 1-1] ¶¶ 12-15). The complaint alleges that as a result, Mercedes Wise was left locked in the vehicle on a day that was sunny and approximately 89 degrees Fahrenheit, and the interior temperature of the automobile escalated to extremely dangerous levels. (*See* State Court Compl. [Docket 1-1] ¶¶ 30-31; Compl. [Docket 1] ¶¶ 15). The complaint further alleges that Mercedes Wise was found in the

vehicle at approximately 5:00 p.m. on August 30, having already sustained fatal injuries. (*See* State Court Compl. [Docket 1-1] ¶¶ 33-34; Compl. [Docket 1] ¶ 16). The state court complaint alleges that Mercedes Wise's injuries were caused by the negligence of the Rockholds and Lynn's Little Wonders. (*See* State Court Compl. [Docket 1-1] ¶¶ 35-47).

The instant case was filed by Erie, which seeks a declaration that an insurance policy it issued to the Rockholds does not cover the allegations in the state court complaint. The policy at issue, Ultracover HomeProtector Insurance Policy No. Q52-7500899 (the "policy") was issued to the Rockholds for the period of April 25, 2012 through April 25, 2013. (*See* Policy [Docket 1-3]). The policy was issued to protect their residence, 319 Ranis Road, in Belleville, West Virginia. (*See id.*). Erie seeks "[a] declaration as to the nonexistence of coverage" under the policy related to the death of Mercedes Wise, attorney's fees, and costs. (*See* Compl. [Docket 1], at 13-14).

## II. Default Judgment

### A. Legal Standard

District courts may enter default judgment under Rule 55 of the Federal Rules of Civil Procedure. Under Rule 55(a), entry of default is warranted where "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55. After a default is entered by the clerk, a party may seek default judgment under Rule 55(b). "Although the clear policy of the Rules is to encourage dispositions of claims on their merits, trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).

Where service is proper, if a party has "failed to plead or otherwise defend," that party is in default and the well-pleaded allegations in the complaint as to liability may be taken as true. *See* Fed. R. Civ. P. 55(a); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("[T]he defendant, by his default, admits plaintiff's well-pleaded allegations of fact[.]") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted)). However, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "The Court may grant a default judgment when a properly served defendant fails to respond to a complaint for declaratory relief." *Scottsdale Ins. Co. v. Bounds*, No. CIV. BEL-11-2912, 2012 WL 1576105, at *3 (D. Md. May 2, 2012).

### B. Discussion

Erie argues that the policy does not cover the allegations in the state court complaint because the policy was a homeowner's insurance policy that did not cover the Rockholds' off-premises business pursuits. Erie argues that "[a]ccording to the underlying wrongful death complaint, no daycare services were conducted on the insured premises, and the alleged loss did not occur on the insured premises." (Compl. [Docket 1] ¶ 31). Rather, Erie argues, "the crux of the complaint is that Ms. Wise's daughter allegedly was in the custody of Kenneth and/or Linda Rockhold as owners and/or operators of Lynn's Little Wonders daycare, located at 41 Dempsie Avenue, Parkersburg, West Virginia, and allegedly died after being left in the Rockholds' vehicle on a hot day outside of the daycare." (*Id.* at ¶ 32).

The policy, attached as an exhibit to the Complaint, provides $500,000 in "Bodily Injury Liability Coverage" in the "Home and Family Liability Protection" section. (*See id.* ¶ 33; Policy [Docket 1-3], at 14-15). The policy states: "We will pay all sums up to the amount shown on the

Declarations which anyone we protect becomes legally obligated to pay as damages because of bodily injury of property damage caused by an occurrence during the policy period. We will pay only for bodily injury or property damage covered by this policy." (Policy [Docket 1-3], at 14). "Anyone we protect" is defined as "you and the following residents of your household[.]" (*Id.* at 4). "Under *Home and Family Liability Protection*, anyone we protect also means . . . any person with respect to any vehicle covered by this policy. Any person using or having custody of this vehicle in the course of any business use, or without permission of the owner is not anyone we protect." (*Id.*). An "occurrence" is defined as "an accident, including continuous or repeated exposure to the same general harmful conditions." (*Id.* at 5). "Bodily injury means physical harm, sickness, or disease, including mental anguish or resulting death[.]" (*Id.* at 4).

Erie argues that exclusions within the policy take the injuries alleged in the state court complaint outside of the policy's scope of coverage. The policy provides: "We do not cover under *Bodily Injury Liability Coverage, Property Damage Liability Coverage* or *Personal Injury Liability Coverage* . . . Bodily injury or personal injury arising out of business pursuits of anyone we protect, other than business pursuits covered by this policy." (*Id.* at 16). Erie contends that this provision exempts it from coverage because:

> In the underlying matter, the wrongful death complaint alleges that the named insureds, Kenneth and Linda Rockhold, are owners and/or operators of Lynn's Little Wonders daycare, failed to properly account for Ms. Wise's daughter's whereabouts, and left her unattended inside the Rockhold's parked vehicle outside of the daycare on a hot and sunny day. The pro se answers filed by Kenneth and Linda Rockhold do not deny that they own and/or operate the daycare. Moreover, the daycare is a business activity that is required to be licensed by the state . . . . Accordingly, "bodily injury liability coverage" and "medical payments to others coverage" is precluded under the "business pursuits" exclusion.

(Compl. [Docket 1] ¶¶ 52-53).

"[I]ncluded in the consideration of whether the insurer has a duty to defend is whether the allegations in the complaint . . . are reasonably susceptible of an interpretation that the claim may be covered by the terms of the insurance policies." *Butts v. Royal Vendors, Inc.*, 202 W. Va. 448, 449, 504 S.E.2d 911, 912 (1998). Construing Erie's well-pleaded facts as admitted by the defaulted parties, I **FIND** that for the purposes of a default judgment, the complaint demonstrates that the policy does not cover the allegations in the state court complaint. Therefore, the plaintiff's motion for default judgment is **GRANTED**.

### III. Subject Matter Jurisdiction

In order for the federal courts to have subject matter jurisdiction over a case, it must present a case or controversy. This applies to declaratory judgment actions, as well as actions for damages. In a declaratory judgment action,

> [i]t is, of course, essential that the federal jurisdiction extend to the suit. It is necessary that the parties have a definite and adverse legal interest which will be conclusively affective and determined by the judgment. All the elements of a litigation must be present; only the prayer for relief is different.

Edwin Borchard, *The Federal Declaratory Judgments Act*, 21 Va. L. Rev. 35 (1934). "Because Article III of the Constitution limits the jurisdiction of the federal courts to 'cases or controversies,' the requirement that a justiciable controversy be pleaded is so important that the district court may raise an objection . . . on its own motion if it is not raised by the parties." Charles Alan Wright & Arthur R. Miller, 5 *Federal Practice and Procedure* § 1238, at 410 (3d ed. 2004); *see also, e.g.*, *North Carolina v. Rice*, 404 U.S. 244, 246 (1971).

The federal courts cannot hear a case that has become moot during its pendency. Mootness is "the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."

*U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (quoting Henry Paul Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)). "Essentially, any change in the facts that ends the controversy renders [a] case moot." Erwin Chemerinsky, *Federal Jurisdiction* 132 (6th ed. 2012). "[I]f the parties settle the matter, a live controversy obviously no longer exists." *Id.*; *see also United Airlines, Inc. v. McDonald*, 432 U.S. 385, 400 (1977) (Powell, J., dissenting) ("The settlement of an individual claim typically moots any issues associated with it.").

In this case, Erie and Ms. Wise asked this court to enter a consent judgment regarding the policy. (*See* Proposed Consent J. [Docket 12]). In it, the parties stated they had agreed to a number of issues. (*See generally id.*). With regard to the interpretation of the policy, the Proposed Consent Judgment stated:

> First, Ms. Wise agrees that "bodily injury liability coverage" and "medical payments to others coverage" is precluded under the "business pursuits" exclusion of the policy where the loss allegedly occurred as a result of daycare services provided to Ms. Wise's daughter by Kenneth and Linda Rockhold as owners and/or operators of Lynn's Little Wonders, and the daycare is a business activity that is required to be licensed by the state.
>
> Second, Ms. Wise agrees that "bodily injury liability coverage" and "medical payments to others coverage" is precluded under the "professional services" exclusion of the policy where the loss allegedly occurred as a result of daycare and transportation services provided to Ms. Wise's daughter by Kenneth and Linda Rockhold as owners and/or operators of Lynn's Little Wonders daycare.
>
> Third, Ms. Wise agrees that to the extent, if any, that the premises of Lynn's Little Wonders daycare, which is not an insured location, are owned by or rented by Kenneth and Linda Rockhold, the policy excludes coverage for "Bodily injury . . . arising out of any premises owned by or rented to anyone we protect which is not an insured location."
>
> Fourth, Ms. Wise agrees that "bodily injury liability coverage" and "medical payments to others coverage" is precluded under the "auto use exclusion" of the

> policy where the alleged immediate cause of the injury giving rise to the wrongful death complaint involves the use of a vehicle.
>
> Finally, Ms. Wise agrees that to the extent that Ms. Wise seeks punitive damages, the policy excludes coverage for "Punitive or exemplary damages and related defense costs."
>
> Based upon the allegations in her underlying wrongful death complaint, the language of the homeowners insurance policy issued by Erie to the Rockholds, and the law, Ms. Wise agrees that there is no duty to defend or indemnify Kenneth and Linda Rockhold and Lynn's Little Wonders daycare from and against the underlying wrongful death complaint.

(*Id.* ¶¶ 14-19).

Although the parties argue that the Proposed Consent Judgment does not constitute a settlement (*see* Joint Mot. to Enter Consent J., Default J., and Summ. J. [Docket 14], at 2), they also admit that Ms. Wise and Erie agreed "to entry of a consent order that the homeowners' insurance policy issued by Erie to defendants Kenneth and Linda Rockhold does not provide coverage for the allegations in her underlying wrongful death complaint against defendants Kenneth Rockhold, Linda Rockhold, and Lynn's Little Wonders" (*id.* at 3). The purpose of a declaratory judgment action is to declare the rights and legal relations of the interested parties. *See* 28 U.S.C. § 2201(a). If the parties have agreed to their rights and legal relations, it does not appear to me that I can retain jurisdiction over this case. The parties are therefore **ORDERED to show cause** as to why the case between Erie and Ms. Wise should not be dismissed as moot.

### IV. Defendant William Michael Young

In the Motion for Default Judgment and Summary Judgment, Erie refers to Ms. Wise as "[t]he remaining defendant[.]" (*See* Pl.'s Mot. for Default J. and Summ. J. [Docket 10], at 1). However, William Michael Young, as father of Mercedes Wise, was also named as a defendant. (*See* Compl. [Docket 1]). From the docket, it does not appear that Mr. Young was ever served with

the complaint. Federal Rule of Civil Procedure 4 requires that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The complaint was filed on July 23, 2013, 286 days ago. The plaintiff has neither addressed this failure nor shown good cause for it. Therefore, William Michael Young is hereby **DISMISSED** from this action without prejudice.

### V. Conclusion

Based upon the foregoing, Plaintiff's Motion for Default Judgment and Summary Judgment [Docket 10] and the Joint Motion to Enter Consent Judgment, Default Judgment, and Summary Judgment [Docket 14] are **GRANTED** with respect to the default judgment and **HELD IN ABEYANCE** with respect to the motion for summary judgment and consent judgment. The parties are **ORDERED to show cause** as to why the claims between Erie and Shawna Wise should not be dismissed as moot. Finally, defendant William Michael Young is hereby **DISMISSED** from this action without prejudice.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 5, 2014

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE